# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EXCEPTIONAL INNOVATIONS, LLC,<br><br>　　　　　　　　Plaintiff,<br>　vs.<br><br>KONTRON AMERICA, INC.,<br><br>　　　　　　　　Defendant.<br>_____<br>KONTRON AMERICA, INC.,<br><br>　　　　　　　　Counter Claimant,<br>　vs.<br><br>EXCEPTIONAL INNOVATION, LLC,<br><br>　　　　　　　　Counter Defendant. | CASE NO. 07CV2041-LAB (WMc)<br><br>**ORDER TO SHOW CAUSE RE: JURISDICTION** |

　　　　Plaintiff Exceptional Innovation, LLC ("Exceptional") filed its complaint in the Court of Common Pleas in Delaware County, Ohio on June 27, 2007. On July 27, 2007, Defendant Kontron America, Inc. removed the action to the U.S. District Court for the Southern District of Ohio, alleging jurisdiction solely on the basis of diversity of citizenship, pursuant to 28 U.S.C. § 1332. Defendant alleged it was a Delaware corporation with its principal place of business at Poway, California (within this District), while Plaintiff was an Ohio Limited Liability

1  Company with its principal place of business in Ohio, and also alleged the total amount in
2  controversy exceeded $75,000.  Thereafter, the action was transferred for venue reasons
3  to this Court.

4  "[F]ederal courts are required sua sponte to examine jurisdictional issues . . . ." *B.C.*
5  *v. Plumas Unified School Dist.*, 192 F.3d 1260, 1264 (9th Cir. 1999) (citing *Bender v.*
6  *Williamsport Area School Dist.*, 475 U.S. 534, 541, 106 S.Ct. 1326, 89 LED.2d 501 (1986).)

7   Diversity jurisdiction requires an amount in controversy exceeding $75,000, well as
8  complete diversity of parties.  28 U.S.C. § 1332(a).  Under Fed. R. Civ. P. 8(a)(1), a party
9  seeking to invoke the power of a federal court must plead facts essential to show a basis for
10 jurisdiction.

11 Defendant has alleged an amount in controversy exceeding $75,000. However, it has
12 failed to allege Plaintiff's citizenship.  While a corporation is a citizen only of the state where
13 its principal place of business is located, and the state in which it is incorporated, 28 U.S.C.
14 § 1332(c)(1), "an unincorporated association such as a partnership has the citizenship of all
15 of its members."  *Johnson v. Columbia Properties Anchorage, LP*,  437 F.3d 894, 899 (9th
16 Cir. 2006) (citing *Carden v. Aroma Assoc.*, 494 U.S. 185, 195–96, 110 S.Ct. 1015, 108
17 L.Ed.2d 157 (1990)).  Limited liability companies  are treated as partnerships for purposes
18 of diversity jurisdiction. *Id*.  Because Defendant did not allege the citizenship of Exceptional's
19 members, it appears Defendant has not adequately alleged facts showing jurisdiction.

20 Defendant is therefore **ORDERED TO SHOW CAUSE** why this action should not be
21 remanded to the Delaware County, Ohio Court of Common Pleas.  Defendant may do so by
22 filing a memorandum of points and authorities, no longer than three pages in length, not
23 counting any lodged or appended materials, no later than 21 calendar days from the date
24 this order is entered.  Plaintiff may, if it wishes, file a memorandum in reply, no longer than
25 three pages in length, not counting any lodged or appended materials, no later than 28
26 calendar days from the date this order is entered.
27 / / /
28 / / /

     Should Defendant fail to show cause as ordered, this action will be remanded without further notice to Defendant.

**IT IS SO ORDERED**.

DATED: October 29, 2007

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge