NORMAN L. SMITH [SBN 106344]
nsmith@swsslaw.com
ELIZABETH A. MITCHELL [SBN 204853]
emitchell@swsslaw.com
SOLOMON WARD SEIDENWURM & SMITH, LLP
401 B Street, Suite 1200
San Diego, California 92101
Telephone: (619) 231-0303
Facsimile: (619) 231-4755

Attorneys for Defendant and Counter-Claimant
KONTRON AMERICA, INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EXCEPTIONAL INNOVATION, LLC,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>KONTRON AMERICA, INC.,<br><br>　　　　Defendant. | CASE NO. 07CV2041 LAB(LSP)<br><br>**KONTRON AMERICA, INC.'S RESPONSE TO COURT'S ORDER TO SHOW CAUSE**<br><br>Honorable Larry Alan Burns<br>Ctrm:　　　9<br>Action Filed:  June 27, 2007 |
| KONTRON AMERICA, INC.,<br><br>　　　　Counter-Claimant,<br><br>v.<br><br>EXCEPTIONAL INNOVATION, LLC,<br><br>　　　　Counter-Defendant. | |

**KONTRON IS A CALIFORNIA AND DELAWARE RESIDENT; EXCEPTIONAL AND ITS MEMBERS RESIDE IN OHIO OR FLORIDA**

Defendant and Counter-Claimant Kontron America, Inc. ("Kontron") is a Delaware corporation, with its principal place of business in San Diego County, California. Counter-claim (docket no. 7), ¶ 3. Kontron has alleged that Plaintiff and Cross-Defendant Exceptional Innovation, LLC ("Exceptional") is an Ohio Limited Liability Company, with its principal place of business in Delaware County, Ohio. Counter-claim (docket no. 7), ¶ 3. Kontron is informed and believes, and, if the Court so requires, Kontron will allege in a first amended

counter-claim that Exceptional has two individual members, neither of whom reside in California or the State of Delaware. See the accompanying Declaration of Anthony T. Hallett ("Hallett Decl."), ¶ 11. More specifically, Exceptional's only two members are Eric Eichensehr (who resides in Ohio) and Seale Moorer (who resides in either Ohio or Florida). See Hallett Decl., ¶ 4-9.

The amount in controversy exceeds $75,000, exclusive of interests and costs. Counter-claim (docket no. 7), ¶ 4.

Accordingly, with Kontron a citizen of the States of California and Delaware and Exceptional and its individual LLC members citizens of the States of Ohio or Florida, there is complete diversity of citizenship among the parties. With the amount in controversy and diversity requirements fully satisfied, there exists federal diversity jurisdiction over this matter.

**THE TRANSFEROR COURT ALREADY FOUND FEDERAL DIVERSITY JURISDICTION IN THIS CASE**

Exceptional originally filed its complaint against Kontron for declaratory relief in Ohio state court. Kontron timely removed to the United States District Court for the Southern District of Ohio (the "Ohio District Court") based on federal diversity jurisdiction. Kontron filed a motion to transfer venue from the Ohio District Court to this Court based on contractual forum selection clause and applicable law. Having found federal diversity jurisdiction in the first instance, the Ohio District Court granted Kontron's motion and transferred venue to this District. *See* the Ohio District Court's Opinion and Order entered on October 11, 2007 (docket no. 1, entry 16). The finding of federal diversity jurisdiction is now the law of this case. *See Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816-7 (1988) ("`As most commonly defined, the doctrine [of the law of the case] posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'")

"[T]he doctrine applies as much to the decisions of a coordinate court in the same case as to a court's own decisions." *Id.* at 817 (citations omitted). "Indeed, the policies

1 supporting the doctrine apply with even greater force to transfer decisions than to decisions
2 of substantive law; transferee courts that feel entirely free to revisit transfer decisions of a
3 coordinate court threaten to send litigants into a vicious circle of litigation." *Ibid.* (citations
4 omitted). "There is no reason to apply law-of-the-case principles less rigorously to transfer
5 decisions that implicate the transferee's jurisdiction. Perpetual litigation of any issue—
6 jurisdictional or nonjurisdictional—delays, and therefore threatens to deny, justice." *Id.* at
7 817 n.5 (citation omitted).

## CONCLUSION

With both a previous court order exercising jurisdiction over this matter, and additional evidence before this Court that there is complete diversity between Kontron as a California and Delaware resident and Exceptional and its members as residents of Ohio or Florida, this Court has subject matter jurisdiction. Kontron respectfully requests that the Court vacate its Order to Show Cause regarding jurisdiction and allow this case to proceed in this Court. In the alternative, Kontron requests leave to file a first amended counter-claim that will allege Ohio or Florida as the residency of Exceptional's members.[1]

DATED: November 20, 2007          SOLOMON WARD SEIDENWURM & SMITH, LLP

By: /s/ Elizabeth A. Mitchell
    NORMAN L. SMITH
    ELIZABETH A. MITCHELL
    Attorneys for Defendant and Counter-Claimant
    KONTRON AMERICA, INC.

---

[1] If the Court finds Kontron's showing insufficient in any way, Kontron alternatively requests leave to conduct jurisdictional discovery and time to submit additional evidence regarding Exceptional's residency.

# PROOF OF SERVICE

I, the undersigned, declare:

I am employed in the County of San Diego, State of California. I am over the age of 18 years and not a party to this action. My business address is Solomon Ward Seidenwurm & Smith, LLP, 401 B Street, Suite 1200, San Diego, California 92101.

On November 20, 2007, I served a copy, including all exhibits, if any, of the following document(s):

**KONTRON AMERICA, INC.'S RESPONSE TO COURT'S ORDER TO SHOW CAUSE**

**DECLARATION OF ANTHONY T. HALLETT IN SUPPORT OF KONTRON AMERICA, INC.'S RESPONSE TO COURT'S ORDER TO SHOW CAUSE RE JURISDICTION**

on the parties in this action listed in the attached Proof of Service List, which is incorporated herein by this reference, by the following means:

☒ **(BY MAIL)** I caused each such envelope to be sealed and placed for collection and mailing from my business address. I am readily familiar with the practice of Solomon Ward Seidenwurm & Smith, LLP for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business mail is deposited with the postage thereon fully prepaid in the United States Postal Service the same day as it is placed for collection. I am aware that upon motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☐ **(BY PERSONAL SERVICE)** I caused each such envelope to be sealed and given to a courier authorized by our attorney service to receive documents for delivery on the same date. A proof of service signed by the authorized courier will be filed forthwith.

☐ **(BY FEDERAL EXPRESS)** I am readily familiar with the practice of Solomon Ward Seidenwurm & Smith, LLP for the collection and processing of correspondence for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained by Federal Express for overnight delivery.

☒ **(BY FACSIMILE)** This document was transmitted by facsimile transmission from (619) 231-4755 and the transmission was reported as complete and without error. I then caused the transmitting facsimile machine to properly issue a transmission report, a copy of which is attached to this affidavit.

☒ **(FEDERAL)** I declare that I am employed in the office of a member of this bar of this court, at whose direction this service was made.

Executed on November 20, 2007, at San Diego, California.

_Sonja Wicker_
Sonja Wicker

P:00400642.2:07553.034         1         07CV2041
PROOF OF SERVICE

## PROOF OF SERVICE LIST

| | |
|---|---|
| Nelson M. Reid<br>Sommer L. Sheely<br>Bricker & Eckler LLP<br>100 South Third Street<br>Columbus, OH 43215<br>Tel: 614-227-2300<br>Fax: 614-227-2390<br>nreid@bricker.com<br><br>Attorneys for Plaintiff EXCEPTIONAL INNOVATION, LLC | Philomena M. Dane<br>SQUIRE, SANDERS & DEMPSEY, LLP<br>1300 Huntington Center<br>41 South High Street<br>Columbus, Ohio 43215<br>Tel: (614) 365-2700<br>Fax: (614) 365-2499<br>pdane@ssd.com<br><br>Ohio Attorneys for Defendant KONTRON AMERICA, INC. |