1  NORMAN L. SMITH [SBN 106344]
   nsmith@swsslaw.com
2  ELIZABETH A. MITCHELL [SBN 204853]
   emitchell@swsslaw.com
3  SOLOMON WARD SEIDENWURM & SMITH, LLP
   401 B Street, Suite 1200
4  San Diego, California 92101
   Telephone: (619) 231-0303
5  Facsimile: (619) 231-4755

6  Attorneys for Defendant and Counter-Claimant
   KONTRON AMERICA, INC.

7

8              UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10

11  EXCEPTIONAL INNOVATION, LLC,          CASE NO. 07CV2041 LAB (LSP)

12            Plaintiff,                  **JOINT MOTION FOR PROTECTIVE
                                          ORDER**
13      vs.

14  KONTRON AMERICA, INC.,

15            Defendant.

16  KONTRON AMERICA, INC.,

17            Counter-Claimant,

18      vs.

19  EXCEPTIONAL INNOVATION, LLC,

20            Counter-Defendant.

21

22            **STATEMENT OF GOOD CAUSE**

23      Because of pending litigation between Plaintiff and Counter-Defendant

24  EXCEPTIONAL INNOVATION, LLC ("Exceptional") and Defendant and Counter-Claimant

25  KONTRON AMERICA, INC. ("Kontron"), to facilitate discovery in this case and specifically

26  to facilitate the discovery of any trade secrets, confidential information, or sensitive business

27  or technical information, the undersigned parties, through their attorneys, request that the

28  Court enter an order containing the terms set forth below regarding the treatment of certain

1   information disclosed during discovery.

2          Good cause exists for the entry of a protective order because disclosure of the parties'
3   Confidential Information (as defined below) would cause substantial financial and business
4   harm to the parties.  The parties maintain confidential information and documents
5   concerning manufacturing secrets, research and development, proprietary computer
6   software, hardware and components, profits and other financial subjects.  Discovery may
7   involve some or all of such information.  For example, this dispute involves the parties'
8   obligations with respect to certain customized embedded computer modules that Kontron
9   manufactured for Exceptional.

10         Public disclosure of the parties' Confidential Information (as defined below) may
11  provide third-party competitors with a significant unfair advantage vis-à-vis the parties to this
12  action.  Thus, absent a protective order that facilitates confidential discovery, the parties
13  would likely suffer significant financial and business losses.

14

15                      **[PROPOSED] PROTECTIVE ORDER**

16         Subject to the approval of this Court, the parties hereby stipulate to the following
17  protective order:

18         The Court, finding that the Order requested by the undersigned parties is proper and
19  desirable in the circumstances of this case, and good cause appearing therefore, pursuant to
20  Rule 26(c) of the Federal Rules of Civil Procedure, makes the following Order for the benefit
21  of all parties and witnesses to govern the course of the proceedings in this case:

22         1.      In connection with discovery proceedings in this action, the parties may
23  designate any document, thing, material, testimony or other information derived therefrom,
24  as "Confidential" under the terms of this Stipulated Protective Order ("Order").  Confidential
25  information is information that has not been made public and that concerns or relates to the
26  processes, operations, type or work, apparatus, manufacturing, research and development,
27  or components, or to the production, pricing, sales, shipments, purchases, transfers,
28  identification of customers, suppliers, inventories, amount or source of any income, profits,

1   losses, or expenditures of any persons, firm, partnership, corporation, or other organization,

2   the disclosure of which information may have the effect of causing harm to the competitive

3   position of the person, firm, partnership, corporation, or to the organization from which the

4   information was obtained.

5       By designating a document, thing, material, testimony or other information derived

6   therefrom as "Confidential" under the terms of this Order, the party making the designation

7   is certifying to the Court that there is a good faith basis both in law and in fact for the

8   designation within the meaning of Federal Rule of Civil Procedure Rule 26(c).

9       2.    Confidential documents shall be so designated by stamping copies of the

10  document produced to a party with the legend "CONFIDENTIAL."

11      3.    Testimony taken at a deposition, conference, hearing or trial may be

12  designated as Confidential by making a statement to that effect on the record at the

13  deposition or other proceeding.  Arrangements shall be made with the court reporter taking

14  and transcribing such proceeding to separately bind such portions of the transcript

15  containing information designated as Confidential, and to label such portions appropriately.

16      4.    Material designated as Confidential under this Order, the information

17  contained therein, and any summaries, copies, abstracts, or other documents derived in

18  whole or in part from material designated as Confidential (hereinafter "Confidential

19  Material") shall be used only for the purpose of the prosecution, defense or settlement of this

20  action, and for no other purpose.

21      5.    Confidential Material produced pursuant to this Order may be disclosed or

22  made available only to the Court, to counsel for a party (including in house and outside

23  counsel, and the paralegal, clerical, and secretarial staff employed by such counsel), and to

24  the "qualified persons" designated below:

25      a.    a party, or an officer, director, or employee of a party deemed

26  necessary by counsel to aid in the prosecution, defense or settlement of this action;

27      b.    experts or consultants (together with their clerical staff) retained by

28  counsel to assist in the prosecution, defense, or settlement of this action;

c.    court reporter(s) employed in this action;

d.    a witness at any deposition or other proceeding in this action; and

e.    any other person as to whom the parties in writing agree.

Prior to receiving any Confidential Material, each "qualified person" shall be provided with a copy of this Order and shall execute a non disclosure agreement in the form of Attachment A, a copy of which shall be provided forthwith to counsel for each of the parties.

6.    Depositions involving Confidential Material shall be taken only in the presence of qualified persons.

7.    The parties may further designate certain discovery material or testimony of trade secret, highly confidential and/or proprietary nature as "CONFIDENTIAL – ATTORNEY'S EYES ONLY" (hereinafter "Attorney's Eyes Only Material"), in the manner described in paragraphs 2 and 3 above.  Attorney's Eyes Only Material, and the information contained therein, shall be disclosed only to the Court, to counsel for the parties (including in house and outside counsel, and the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" listed in subparagraphs 5(b) through (e) above, but shall not be disclosed to a party, or to an officer, director or employee of a party, unless otherwise agreed or ordered.  If disclosure of Attorney's Eyes Only Material is made pursuant to this paragraph, all other provisions in this Order with respect to confidentiality shall also apply.

8.    Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate.

9.    If a party wishes to include Confidential Material of the other party, including any portion of a deposition transcript designated as Confidential or Attorney's Eyes Only Material, in any papers to be filed in Court, such party shall first file a motion seeking permission to file the Confidential Material under seal or seek relief under paragraph 13

1  below.  No party shall file papers including Confidential Material of the other party without

2  first obtaining either a stipulation or a further court order.

3      10.    Subject to public policy, and further court order, nothing shall be filed under

4  seal, and the Court shall not be required to take any action, without separate prior order by

5  the Judge before whom the hearing or proceeding will take place, after application by the

6  affected party with appropriate notice to opposing counsel.

7      11.    If the Court grants a party permission to file an item under seal, a duplicate

8  disclosing all nonconfidential information shall be filed and made part of the public record.

9  The item may be redacted to eliminate confidential material from the document.  The

10  document shall be titled to show that it corresponds to an item filed under seal, e.g.,

11  "Redacted Copy of Sealed Declaration of John Smith in Support of Motion for Summary

12  Judgment."  The sealed and redacted documents shall be filed simultaneously.

13      12.    In the event that any Confidential Material is used in any court proceeding in

14  this action, it shall not lose its confidential status through such use, and the party using such

15  Confidential Material shall take all reasonable steps to maintain its confidentiality during

16  such use.

17      13.    If any party to this litigation disagrees at any stage of these proceedings with

18  the designation of any information as "CONFIDENTIAL" or "CONFIDENTIAL –

19  ATTORNEYS' EYES ONLY", the parties shall try first to resolve such disputes in good faith

20  between themselves.  If the dispute cannot be resolved, the objecting party may seek

21  appropriate relief from this Court, and the party asserting confidentiality shall have the

22  burden of proving that there is good cause for the material to have such protection.  The

23  Court shall award the prevailing party the attorneys' fees it incurred in connection with the

24  motion, unless it finds that the losing party acted with substantial justification.  Pending

25  resolution of any motion filed pursuant to this paragraph, all parties and other persons

26  bound by this Order shall continue to treat the disputed material as "CONFIDENTIAL" or

27  "CONFIDENTIAL – ATTORNEYS' EYES ONLY", until the issue is resolved by the Court.  In

28  addition, this Order shall be without prejudice to the right of the parties to present a motion

1  to the Court under Federal Rule of Civil Procedure 26(c) for a separate protective order as to

2  any particular document or information, including restrictions differing from those as

3  specified herein.  This Order shall not be deemed to prejudice the parties in any way in any

4  future application for modification of this Order.

5      14.    This Order is entered solely for the purpose of facilitating the exchange of

6  documents and information between the parties to this action without involving the Court

7  unnecessarily in the process.  Nothing in this Order nor the production of any information or

8  document under the terms of this Order nor any proceedings pursuant to this Order shall be

9  deemed to have the effect of an admission or waiver by either party or of altering the

10  confidentiality or non-confidentiality of any such document or information or altering any

11  existing obligation of any party or the absence thereof.

12      15.    This Order shall survive the final termination of this action to the extent that

13  the information contained in Confidential Material is not or does not become known to the

14  public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of

15  information disclosed hereunder.  Upon termination of this case, counsel for the parties shall

16  assemble and return to each other all documents, material and deposition transcripts

17  designated as Confidential and all copies of same, or shall certify the destruction thereof.

18                          Respectfully submitted,

19  DATED: March ___, 2008        RUTAN & TUCKER, LLP

20

21                          By: _____
                                JEFFREY WERTHEIMER
22                              CHRISTOPHER HEIKAUS WEAVER
                                Attorneys for Plaintiff and Counter-Defendant
23                              EXCEPTIONAL INNOVATION, LLC

24  DATED: March ___, 2008        SOLOMON WARD SEIDENWURM & SMITH, LLP

25

26                          By: _____
                                NORMAN L. SMITH
27                              ELIZABETH A. MITCHELL
                                Attorneys for Defendant and Counter-Claimant
28                              KONTRON AMERICA, INC.

1 | to the Court under Federal Rule of Civil Procedure 26(c) for a separate protective order as to

2 | any particular document or information, including restrictions differing from those as

3 | specified herein. This Order shall not be deemed to prejudice the parties in any way in any

4 | future application for modification of this Order.

5 |     14.    This Order is entered solely for the purpose of facilitating the exchange of

6 | documents and information between the parties to this action without involving the Court

7 | unnecessarily in the process. Nothing in this Order nor the production of any information or

8 | document under the terms of this Order nor any proceedings pursuant to this Order shall be

9 | deemed to have the effect of an admission or waiver by either party or of altering the

10 | confidentiality or non-confidentiality of any such document or information or altering any

11 | existing obligation of any party or the absence thereof.

12 |     15.    This Order shall survive the final termination of this action to the extent that

13 | the information contained in Confidential Material is not or does not become known to the

14 | public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of

15 | information disclosed hereunder. Upon termination of this case, counsel for the parties shall

16 | assemble and return to each other all documents, material and deposition transcripts

17 | designated as Confidential and all copies of same, or shall certify the destruction thereof.

18 |                                  Respectfully submitted,

19 | DATED: March 3 1, 2008           RUTAN & TUCKER, LLP

20 |

21 |                                  By: _____

22 |                                  JEFFREY WERTHEIMER
                                     CHRISTOPHER HEIKAUS WEAVER
23 |                                  Attorneys for Plaintiff and Counter-Defendant
                                     EXCEPTIONAL INNOVATION, LLC

24 |

25 | DATED: March 31 , 2008           SOLOMON WARD SEIDENWURM & SMITH, LLP

26 |

27 |                                  By: _____
                                     NORMAN L. SMITH
28 |                                  ELIZABETH A. MITCHELL
                                     Attorneys for Defendant and Counter-Claimant

1

## ATTACHMENT "A"

2

## NONDISCLOSURE AGREEMENT

3

I, _____, do solemnly swear that I am fully familiar with

4

the terms of the Stipulated Protective Order entered in <u>Exceptional Innovation, LLC v.</u>

5

<u>Kontron America, Inc.</u>, United States District Court, Southern District of California, Case No.

6

07CV2041 LAB (LSP), and hereby agree to comply with and be bound by the terms and

7

conditions of said Order unless and until modified by further Order of this Court.  I hereby

8

consent to the jurisdiction of the United States District Court, Southern District of California

9

for purposes of enforcing this Order.

10

11

Dated:_____          _____

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28