1  NORMAN L. SMITH [SBN 106344]
   nsmith@swsslaw.com
2  ELIZABETH A. MITCHELL [SBN 204853]
   emitchell@swsslaw.com
3  SOLOMON WARD SEIDENWURM & SMITH, LLP
   401 B Street, Suite 1200
4  San Diego, California  92101
   Telephone:  (619) 231-0303
5  Facsimile:  (619) 231-4755

6  Attorneys for Defendant and Counter-Claimant
   KONTRON AMERICA, INC.

7

8                  UNITED STATES DISTRICT COURT
9                  SOUTHERN DISTRICT OF CALIFORNIA
10

11 | EXCEPTIONAL INNOVATION, LLC,       | CASE NO. 07CV2041 LAB (LSP)
12 |         Plaintiff,                 |
                                         KONTRON AMERICA, INC.'S ANSWER
13 |    vs.                             | TO PLAINTIFF EXCEPTIONAL
                                         INNOVATION, LLC'S FIRST AMENDED
14 | KONTRON AMERICA, INC.,             | COMPLAINT AND FIRST AMENDED
                                         COUNTERCLAIM
15 |         Defendant.                 |

16 | KONTRON AMERICA, INC.,             |
17 |         Counter-Claimant,          |
18 | v.                                 |
19 | EXCEPTIONAL INNOVATION, LLC,       |
20 |         Counter-Defendant.         |
21

22     For its Answer to Plaintiff and Counter-Defendant Exceptional Innovation, LLC's

23 ("Exceptional") First Amended Complaint, Defendant and Counter-Claimant Kontron

24 American, Inc. ("Kontron") hereby states as follows:

25                            **PARTIES**

26     1.   On information and belief, Kontron states that it believes the allegations set

27 forth in paragraph 1 of the First Amended Complaint to be true.

28 ///

2. Kontron admits the allegations set forth in paragraph 2 of the First Amended Complaint.

## JURISDICTION AND VENUE

3. Kontron admits the allegations set forth in paragraph 3 of the First Amended Complaint.

4. Kontron admits the allegations set forth in paragraph 4 of the First Amended Complaint.

5. Kontron admits the allegations set forth in paragraph 5 of the First Amended Complaint.

## STATEMENT OF FACTS

6. Kontron admits the allegations set forth in paragraph 6 of the First Amended Complaint.

7. On information and belief, Kontron states that it believes the allegations set forth in paragraph 7 of the First Amended Complaint to be true.

8. Kontron denies that there was only one product or component relevant to this action. Kontron lacks knowledge or information sufficient to form a belief regarding whether Exceptional's device was "new." Kontron admits the remaining allegations set forth in paragraph 8 of the First Amended Complaint.

9. Kontron lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 9 of the First Amended Complaint.

10. Kontron lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 10 of the First Amended Complaint.

11. Kontron lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 11 of the First Amended Complaint.

12. Kontron denies the allegations set forth in paragraph 12 of the First Amended Complaint.

13. Kontron denies the allegations set forth in paragraph 13 of the First Amended Complaint.

14. Kontron denies that Jerome Rozek "maintained an office." Kontron admits the remaining allegations set forth in paragraph 14 of the First Amended Complaint.

15. Kontron lacks knowledge or information sufficient to form a belief as to the number of separate occasions. Kontron admits the remaining allegations set forth in paragraph 15 of the First Amended Complaint.

16. Kontron alleges that it provided a sample product for Exceptional's evaluation and that the parties never contracted for the purchase of that particular product. Kontron further admits that one module is named "ETX Express." Kontron denies the remaining allegations set forth in paragraph 16 of the First Amended Complaint.

17. Kontron lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Kontron in paragraph 17 of the First Amended Complaint. Responding further, Kontron denies the remaining allegations set forth in paragraph 17.

18. Kontron denies the allegations set forth in paragraph 18 of the First Amended Complaint.

19. Kontron denies the allegations set forth in paragraph 19 of the First Amended Complaint and further states that the purchase requests attached to Plaintiff's First Amended Complaint as Exhibit A speak for themselves.

20. The allegations set forth in paragraph 20 of the First Amended Complaint are legal conclusions for which a response is not required.

21. Kontron states that Exhibit A to Plaintiff's First Amended Complaint speaks for itself. Kontron further alleges that the contract between Kontron and Exceptional is attached as Exhibit 1 to the Counterclaim. Kontron denies the remaining allegations set forth in paragraph 21 of the First Amended Complaint.

22. Kontron denies the allegations set forth in paragraph 22 of the First Amended Complaint.

23. Kontron denies the allegations set forth in paragraph 23 of the First Amended Complaint.

24. Kontron denies the allegations set forth in paragraph 24 of the First Amended Complaint.

25. Kontron lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Kontron in paragraph 25 of the First Amended Complaint. Responding further, Kontron denies the allegations set forth in paragraph 25.

26. Kontron denies the allegations set forth in paragraph 26 of the First Amended Complaint

27. Kontron denies the allegations set forth in paragraph 27 of the First Amended Complaint, except avers that Mr. Huber sent correspondence to Exceptional in June 2006 and such correspondence speaks for itself.

28. Kontron denies the allegations set forth in paragraph 28 of the First Amended Complaint.

29. Kontron admits the allegations set forth in the first sentence of paragraph 29 of the First Amended Complaint. Kontron denies the remaining allegations set forth in paragraph 29.

30. Kontron admits that Exceptional owes a principal balance to Kontron under the terms of the contract in an amount exceeding $210,000 and that Kontron has demanded payment. Kontron admits that Exceptional has failed to pay the required and contractual sums for the products. Kontron denies the remaining allegations set forth in paragraph 30 of the First Amended Complaint. Kontron alleges that Exceptional has failed to tender payment as required under the terms of their agreement and is therefore in material breach of the same.

31. Kontron denies the allegations set forth in paragraph 31 of the First Amended Complaint.

32. Kontron denies the allegations set forth in paragraph 32 of the First Amended Complaint.

///

## FIRST CAUSE OF ACTION

(Declaratory Judgment)

33. Kontron incorporates as if fully rewritten its admissions, denials and averments set forth in paragraphs 1 through 32 herein.

34. Kontron denies the allegations set forth in paragraph 34 of the First Amended Complaint.

35. Kontron denies the allegations set forth in paragraph 35 of the First Amended Complaint.

36. Kontron denies the allegations set forth in paragraph 36 of the First Amended Complaint.

37. Kontron denies the allegations set forth in paragraph 37 of the First Amended Complaint.

38. Kontron denies the allegations set forth in paragraph 38 of the First Amended Complaint.

39. Kontron denies the allegations set forth in paragraph 39 of the First Amended Complaint.

## SECOND CAUSE OF ACTION

(Breach of Contract – Late Delivery/Nonconforming Goods)

40. Kontron incorporates as if fully rewritten its admissions, denials and averments set forth in paragraphs 1 through 39 herein.

41. Kontron denies the allegations set forth in paragraph 41 of the First Amended Complaint.

42. Kontron denies the allegations set forth in paragraph 42 of the First Amended Complaint.

43. Kontron denies the allegations set forth in paragraph 43 of the First Amended Complaint.

44. Kontron denies the allegations set forth in paragraph 44 of the First Amended Complaint.

## THIRD CAUSE OF ACTION

(Breach of Contract – Express Warranty)

45.   Kontron incorporates as if fully rewritten its admissions, denials and averments set forth in paragraphs 1 through 44 herein.

46.   Kontron denies the allegations set forth in paragraph 46 of the First Amended Complaint.

47.   Kontron alleges that the contract between Kontron and Exceptional is attached as Exhibit 1 to the Counterclaim. Kontron further alleges that the contract, including the terms and conditions, speak for themselves.

48.   Kontron admits the allegations set forth in the first sentence of paragraph 48 of the First Amended Complaint. Kontron denies the remaining allegations set forth in paragraph 48.

49.   Kontron denies the allegations set forth in paragraph 49 of the First Amended Complaint.

50.   Kontron denies the allegations set forth in paragraph 50 of the First Amended Complaint.

## FOURTH CAUSE OF ACTION

(Breach of Implied Warranties)

51.   Kontron incorporates as if fully rewritten its admissions, denials and averments set forth in paragraphs 1 through 50 herein.

52.   The allegations set forth in paragraph 52 of the First Amended Complaint are legal conclusions for which a response is not required.

53.   Kontron lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations not directed at Kontron in paragraph 53 of the First Amended Complaint. To the extent that the allegations set forth in paragraph 53 are legal conclusions, no response is required. Responding further, Kontron denies the remaining allegations set forth in paragraph 53.

///

54. Kontron denies the allegations set forth in paragraph 54 of the First Amended Complaint.

55. Kontron denies the allegations set forth in paragraph 55 of the First Amended Complaint.

56. Kontron denies the allegations set forth in paragraph 56 of the First Amended Complaint.

57. Kontron denies the allegations set forth in paragraph 57 of the First Amended Complaint.

58. Kontron denies all allegations set forth in the First Amended Complaint not expressly admitted herein.

59. Kontron incorporates the allegations set forth in its Counterclaim as though fully set forth in this paragraph.

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

60. Plaintiff's First Amended Complaint fails to state a claim for which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

(Unclean Hands)

61. Plaintiff's claims are barred by the doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE

(Full Performance)

62. Plaintiff's claims are barred because Kontron has fully performed its obligations under the parties' agreement.

### FOURTH AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

63. Plaintiff's claims are barred by its failure to mitigate its alleged damages, if any.

///

## FIFTH AFFIRMATIVE DEFENSE

(Estoppel)

64. Plaintiff has engaged in conduct and activities by reason of which it is estopped to assert any claim against Kontron.

## SIXTH AFFIRMATIVE DEFENSE

(Laches)

65. Plaintiff's claims are barred by the equitable doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

(Waiver)

66. Plaintiff, through its own acts, conduct, or omissions, has waived each and every claim alleged in its First Amended Complaint and is, therefore, barred from recovery.

## EIGHTH AFFIRMATIVE DEFENSE

(Comparative Fault)

67. Plaintiff has failed to exercise reasonable care on its own behalf and was otherwise legally responsible for its own losses, if any. Therefore, any recovery which otherwise might be received by Plaintiff should be barred, or in the alternative, diminished by an amount which is in direct proportion to the extent of the comparative fault of Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

(Contributory Negligence)

68. Plaintiff's alleged damages, if any, were wholly or partly contributed to and proximately caused by the conduct and activities of Plaintiff or others, including their negligence and carelessness. Therefore, Plaintiff's recovery, if any, should be diminished proportionately or completely to the extent that Plaintiff's loss, if any, is attributable to Plaintiff's own negligence or other fault, or to the negligence or fault of others.

## TENTH AFFIRMATIVE DEFENSE

(Prior Material Breach)

69. Plaintiff's claims are barred by its prior material breaches of the parties' agreement.

## ELEVENTH AFFIRMATIVE DEFENSE

(Superceding Cause)

70. Any damages for which Plaintiff complains were proximately caused or contributed to by the acts of others, including Plaintiff and its agents, and those acts were intervening and superceding causes of damages, if any, of which Plaintiff complains, thus barring Plaintiff from any recovery against Kontron.

## TWELFTH AFFIRMATIVE DEFENSE

(Performance Excused)

71. Any performance by Kontron under the contract was excused.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Voided Warranty)

72. Plaintiff, through its own acts, conduct, or omissions, has voided any warranty.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Failure to Comply with Statutory Prerequisites)

73. Plaintiff has failed to satisfy one or more of the prerequisites to the filing of this action against Kontron, including, but not limited to, the notification requirements under the California Commercial Code.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Performance Prevented)

74. To the extent Plaintiff alleges that Kontron failed to perform under the terms of the contract, Kontron's performance was prevented by Plaintiff, its agents or third parties, thereby excusing Kontron's performance.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Additional Defenses)

75. Kontron reserves the right to assert additional defenses as they may become known during this litigation.

**WHEREFORE,** having fully answered, Defendant and Counter-Claimant Kontron requests that this Court grant judgment on the First Amended Complaint in Kontron's favor

and against Plaintiff and Counter-Defendant Exceptional, together with costs, attorneys' fees and such other relief in Kontron's favor in law, equity, or otherwise, as may be just.

DATED: April 3, 2008            SOLOMON WARD SEIDENWURM & SMITH, LLP

By: **s/Elizabeth A. Mitchell**
NORMAN L. SMITH
ELIZABETH A. MITCHELL
Attorneys for Defendant and Counter-Claimant
KONTRON AMERICA, INC.
E-mail: emitchell@swsslaw.com

### FIRST AMENDED COUNTERCLAIM

1. Kontron hereby incorporates the admissions, denials, averments, and defenses contained in the foregoing paragraphs of its Answer to the First Amended Complaint as if fully rewritten herein and further alleges:

### THE PARTIES, JURISDICTION AND VENUE

2. Defendant Kontron is a Delaware corporation with its principal place of business in San Diego County, California.

3. Upon information and belief, Plaintiff Exceptional is an Ohio limited liability company with its principal place of business in Delaware County, Ohio. Upon information and belief, Exceptional's members are individuals who reside in either Ohio or Florida. None of Exceptional's members are citizens of California.

4. The amount in controversy exceeds $75,000 exclusive of interest, costs and attorneys' fees.

5. The Sales Quotes and the Terms and Conditions (collectively, the "Agreement") comprising the contract between the parties, include the following mandatory forum selection and California governing law clause requiring that any dispute relating to the Agreement be filed and litigated in the state or federal courts of San Diego County, California:

<u>Governing Law and Venue</u>.  This Agreement shall be construed and enforced according to the laws of the State of California regarding contracts made and wholly performed in California.  Kontron and BUYER irrevocably submit to the jurisdiction of the state and/or federal courts in San Diego County, California for any action or proceeding regarding this Agreement.

A true and accurate copy of the Agreement is attached hereto as Exhibit A, with one exception.  The original Sales Quotes had a "Quote Date" of "5/12/05" rather than the "6/29/07" appearing in the date fields on the attached Sales Quotes.

6.    By reason of the foregoing, the United States District Court for the Southern District of California has jurisdiction over all the parties hereto and venue is proper only in San Diego County, California.

## THE AGREEMENT

7.    In late 2004, Exceptional expressed an interest in purchasing products from Kontron, specifically certain component parts that would be integrated into Exceptional's systems and products.

8.    Over a period of several months, Kontron and Exceptional discussed each other's products and services.

9.    Ultimately, Exceptional decided to purchase certain computer modules from Kontron for integration into Exceptional's products.

10.   On or about May 12, 2005, Kontron issued two "Sales Quotes" to Exceptional setting forth the proposed terms under which Kontron was offering to sell the modules to Exceptional.  *See* Exhibit A attached hereto.

11.   Each Sales Quote expressly incorporated by reference Kontron's general terms and conditions by stating: "Terms and Conditions are printed on the reverse side of the hard copy quote.  Terms and Conditions may also be found on our website."

12.   On or about May 13, 2005, Exceptional accepted Kontron's offer and all the terms of the Agreement, including the general Terms and Conditions, without objection.

13.   Exceptional issued two Purchase Requests evidencing its acceptance of the Agreement.  True and accurate copies of these two Purchase Requests are attached to this

1 | Answer and Counterclaim as Exhibit B. For reference purposes, they were attached to
2 | Exceptional's Complaint.

3 |     14.    The Agreement states that the prices for the products are those set forth in Kontron's Sales Quotes.

5 |     15.    In March 2006, Exceptional received a reduction in the price that Exceptional had originally agreed to pay for Kontron's products under the Agreement. On or about March 22, 2006, Kontron issued Exceptional an updated Sales Quote that reflected the price reduction and which is included in Exhibit A. As with the original Sales Quotes, the updated Sales Quote incorporated Kontron's Terms and Conditions.

10 |     16.    Kontron's invoices also reflected the reduction in the prices that Exceptional had originally agreed to pay for Kontron's products under the Agreement. At the time that Exceptional received a price reduction in March 2006, Exceptional did not object to or request re-negotiation of any of the other terms of the Agreement.

### **EXCEPTIONAL'S BREACHES**

15 |     17.    Kontron delivered the products to Exceptional.

16 |     18.    In November 2006, December 2006 and January 2007, Kontron sent Exceptional invoices related to the last three shipments, totaling in excess of $210,000 (collectively, the "Invoices"). True and accurate copies of the Invoices are attached to this Answer and Counterclaim as Exhibit C.

20 |     19.    Consistent with the Agreement, the Invoices reflected the agreed price reduction.

22 |     20.    Also consistent with the Agreement, the Invoices incorporated Kontron's Terms and Conditions.

24 |     21.    The Invoices state the payment terms as "Net 60 days."

25 |     22.    Exceptional failed to pay each of the Invoices at the time that they became due.

27 |     23.    To date, Exceptional has failed and refused to pay the outstanding balance owed to Kontron under the Agreement.

## FIRST CLAIM FOR RELIEF

### (Breach of Contract-Failure to Pay)

24. Kontron incorporates paragraphs 1 through 23 above as if fully restated herein.

25. Kontron has fully performed its obligations under the Agreement, except to the extent that they were excused.

26. Kontron delivered goods to Exceptional as required by the Agreement and remitted the Invoices for payment.

27. To date, Exceptional has failed to tender payment in full for the goods that it accepted and received.

28. Kontron has made repeated demands for payment, but Exceptional continues to wrongfully withhold payment.

29. Exceptional's failure to pay for the goods is a material breach of the Agreement.

30. As a direct and proximate result of Exceptional's breach of contract, Kontron has suffered damages in an amount exceeding $210,000 and to be proven at the time of trial, plus interest, consequential damages, costs, expenses, and attorneys' fees.

## SECOND CLAIM FOR RELIEF

### (Breach of Contract-Forum Selection Clause)

31. Kontron incorporates paragraphs 1 through 30 above as if fully restated herein.

32. Pursuant to the Agreement, Exceptional agreed to submit to the jurisdiction of state and/or federal courts in San Diego County, California for any action regarding the Agreement.

33. Despite this mandatory forum selection provision, Exceptional initiated a lawsuit for declaratory judgment in Delaware County Common Pleas Court on June 27, 2007.

34. By filing a lawsuit in an Ohio court, Exceptional materially breached the Agreement's forum selection clause.

///

35.     As a direct and proximate result of Exceptional's breach of contract, Kontron has suffered damages in an amount to be proven at trial, plus interest, consequential damages, costs, expenses, and attorneys' fees.

### THIRD CLAIM FOR RELIEF

### (Uniform Commercial Code-Action for Price)

36.     Kontron incorporates paragraphs 1 through 35 above as if fully restated herein.

37.     Kontron delivered goods to Exceptional pursuant to the terms of the Agreement.

38.     Exceptional accepted the goods that it received.

39.     Despite accepting the goods, Exceptional failed to remit payment for the goods as set forth in the parties' Agreement.

40.     Under the provisions of the Uniform Commercial Code as adopted in California, and, alternatively, in Ohio, Kontron is entitled to recover the full contract price of the goods accepted by Exceptional, plus interest, consequential damages, costs, expenses, and attorneys' fees.

### FOURTH CLAIM FOR RELIEF

### (Quantum Valebant-Common Count under California law)

41.     Kontron incorporates paragraphs 1 through 40 above as if fully restated herein.

42.     Within the last two years, Kontron sold and delivered certain goods at the specific request of Exceptional and Exceptional promised to pay Kontron the reasonable value of those goods.

43.     Exceptional has demanded payment from Kontron for the reasonable value of the goods. Exceptional has refused, and continues to refuse, to pay Kontron.

44.     The fair and reasonable value of the goods sold and delivered by Kontron an amount exceeding $210,000, plus interest, consequential damages, costs, expenses, and attorneys' fees, which will be proven at trial. This sum is now due and owing to Kontron by Exceptional.

///

## FIFTH CLAIM FOR RELIEF

**(Goods Sold and Delivered at Agreed Price-Common Count under California law)**

45. Kontron incorporates paragraphs 1 through 44 above as if fully restated herein.

46. Within the last two years, Exceptional became indebted to Kontron in the agreed sum exceeding $210,00 for goods sold and delivered to Exceptional.

47. Neither the whole nor any part of the above sum has been paid, notwithstanding that demand has been made for payment, and leaving an amount exceeding $210,00 due and owing to Kontron, plus interest, consequential damages, costs, expenses, and attorneys' fees, which will be proven at trial.

## SIXTH CLAIM FOR RELIEF

**(Unjust Enrichment)**

48. Kontron incorporates paragraphs 1 through 47 above as if fully restated herein.

49. Pursuant to the Agreement, Exceptional received goods from Kontron.

50. Exceptional has failed to tender payment in full for the goods that it received.

51. If Exceptional is not required to remit past-due payments, Exceptional would benefit from its breach of the Agreement and be unjustly enriched at the expense and to the detriment of Kontron.

52. By virtue of this unjust enrichment, Kontron is entitled to judgment in an amount exceeding $210,000 and to be proven at the time of trial, plus interest, consequential damages, costs, expenses, and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Kontron prays for the following relief:

a. A judgment in its favor against Plaintiff Exceptional and damages in an amount exceeding $210,000 and to be proven at the time of trial;

b. An award of interest at the maximum legal rate;

c. An award of costs for filing this suit;

d. An award of attorneys' fees and collection costs as provided for in the Agreement between the parties; and

1      e.    Such other relief as is just and equitable.

2  DATED: April 3, 2008      SOLOMON WARD SEIDENWURM & SMITH, LLP

By: <u>s/Elizabeth A. Mitchell</u>
NORMAN L. SMITH
ELIZABETH A. MITCHELL
Attorneys for Defendant and Counter-Claimant
KONTRON AMERICA, INC.
E-mail: emitchell@swsslaw.com