Vladimir Belo (State Bar No. 192217)
vbelo@bricker.com
Bricker & Eckler
100 South Third Street
Columbus, Ohio 43215-4291
Telephone: 614-227-2300
Facsimile: 614-226-8812

Jeffrey Wertheimer (State Bar No. 120378)
jwertheimer@rutan.com
Summer Young Agriesti (State Bar No. 232883)
syoung@rutan.com
RUTAN & TUCKER, LLP
611 Anton Boulevard, Fourteenth Floor
Costa Mesa, California 92626-1931
Telephone: 714-641-5100
Facsimile: 714-546-9035

Attorneys for Plaintiff and Counter-Defendant
EXCEPTIONAL INNOVATION, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EXCEPTIONAL INNOVATION, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>KONTRON AMERICA, INC.,<br><br>Defendant.<br><br>AND RELATED CROSS-ACTIONS. | Case No. 3:07-CV-02041-LAB-LSP<br><br>**EXCEPTIONAL INNOVATION, LLC'S ANSWER TO FIRST AMENDED COUNTERCLAIM OF DEFENDANT AND CROSS-COMPLAINANT KONTRON AMERICA, INC.** |

Plaintiff Exceptional Innovation, LLC ("Exceptional Innovation"), by and through counsel, hereby responds to Defendant Kontron America, Inc.'s ("Kontron") First Amended Counterclaim ("FACC") against it, and states the following:

1. Exceptional Innovation incorporates by reference the allegations and averments in its Complaint against Kontron as if fully set forth herein and further responds to Kontron's FACC as follows:

2. Exceptional Innovation lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained on Paragraph 2 of the FACC and

1  therefore denies such allegations.

2      3.    Exceptional Innovation admits the allegations contained in Paragraph 3 of
3  the FACC.

4      4.    Exceptional Innovation admits the allegations contained in Paragraph 4 of
5  the FACC.

6      5.    In response to Paragraph 5 of the FACC, Exceptional Innovation states that
7  the Sales Quotes and Terms and Conditions are written documents that speak for
8  themselves. Further responding, Exceptional Innovation denies that the "Agreement"
9  consists of the Sales Quotes and Terms and Conditions and denies all remaining
10 allegations contained in Paragraph 5 of the FACC.

11     6.    Paragraph 6 of the FACC contains legal conclusions to which no response is
12 required. To the extent a response is required, Exceptional Innovation denies the
13 allegations contained in Paragraph 6 of the FACC.

14     7.    Exceptional Innovation admits the allegations contained in Paragraph 7 of
15 the FACC, except that, to the extent "expressed an interest" is intended to indicate that
16 Exceptional Innovation sought out Kontron, such allegation is denied.

17     8.    Exceptional Innovation admits the allegations contained in Paragraph 8 of
18 the FACC.

19     9.    Exceptional Innovation admits the allegations contained in Paragraph 9 of
20 the FACC.

21     10.    Exceptional Innovation admits that Kontron issued the two sales quotes
22 attached as Exhibit 1 on or about May 12, 2005, and denies the remaining allegations
23 contained in Paragraph 10 of the FACC.

24     11.    In response to Paragraph 11 of the FACC, Exceptional Innovation states that
25 the Sales Quotes are written documents that speak for themselves. Further responding,
26 Exceptional Innovation denies the remaining allegations contained in Paragraph 11 of the
27 FACC.

28     12.    Exceptional Innovation denies the allegations contained in Paragraph 12 of

1  the FACC.

2      13.    Exceptional Innovation admits that it issued two Purchase Requests and that
3  true and accurate copies of these requests are attached to Kontron's Answer and FACC as
4  Exhibit 2 and were also attached to Exceptional Innovation's Complaint. Exceptional
5  Innovation denies the remaining allegations contained in Paragraph 13 of the FACC.

6      14.    In response to Paragraph 14 of the FACC, Exceptional Innovation states that
7  the documents comprising the agreement are written documents that speak for themselves.
8  Further responding, Exceptional Innovation denies the remaining allegations contained in
9  Paragraph 14 of the FACC.

10      15.    Exceptional Innovation admits that it received a reduction in the price it was
11  originally to pay for Kontron's products. Exceptional Innovation also admits that Kontron
12  issued the Sales Quote that is attached as Exhibit 1. Exhibit 1 is a written document that
13  speaks for itself.  Further responding, Exceptional Innovation denies any remaining
14  allegations contained in Paragraph 15 of the FACC.

15      16.    Exceptional Innovation admits that Kontron invoiced a reduced sum to
16  Exceptional Innovation.  Exceptional Innovation denies the remaining allegations
17  contained in Paragraph 16 of the FACC.

18      17.    Exceptional Innovation admits that Kontron eventually delivered products to
19  it.  Further responding, to the extent such is alleged, Exceptional Innovation denies that
20  Kontron delivered conforming goods and that the delivery was timely. Exceptional
21  Innovation denies any remaining allegations contained in Paragraph 17 of the FACC.

22      18.    Exceptional Innovation admits that Kontron sent it the three invoices that are
23  attached to the Answer and FACC as Exhibit 3. Exceptional Innovation denies any
24  remaining allegations in Paragraph 18 of the FACC.

25      19.    For its response to Paragraph 19 of the FACC, Exceptional Innovation states
26  that the invoices attached as Exhibit 3 are written documents that speak for themselves.
27  Further responding, Exceptional Innovation denies the remaining allegations contained in
28  Paragraph 19 of the FACC.

20. For its response to Paragraph 20 of the FACC, Exceptional Innovation states that the invoices attached as Exhibit 3 are written documents that speak for themselves. Further responding, Exceptional Innovation denies the remaining allegations contained in Paragraph 20 of the FACC.

21. For its response to Paragraph 21 of the FACC, Exceptional Innovation states that the invoices attached as Exhibit 3 are written documents that speak for themselves. Exceptional Innovation denies the remaining allegations contained in Paragraph 21 of the FACC.

22. Exceptional Innovation denies the allegations contained in Paragraph 22 of the FACC.

23. Exceptional Innovation denies the allegations contained in Paragraph 23 of the FACC.

24. Exceptional Innovation incorporates its responses and averments in each of the preceding paragraphs as if fully set forth herein.

25. Exceptional Innovation denies the allegations contained in Paragraph 25 of the FACC.

26. Exceptional Innovation admits only that Kontron issued invoices and delivered goods to it, but denies the remaining allegations contained in Paragraph 26 of the FACC.

27. Exceptional Innovation denies the allegations contained in Paragraph 27 of the FACC.

28. Exceptional Innovation admits that Kontron has demanded additional payment from it, but denies the remaining allegations contained in Paragraph 28 of the FACC.

29. Exceptional Innovation denies the allegations contained in Paragraph 29 of the FACC.

30. Exceptional Innovation denies the allegations contained in Paragraph 30 of the FACC. By way of further response, Exceptional Innovation denies that it is liable to

Kontron in the sum demanded, or in any sum.

31. Exceptional Innovation incorporates its responses and averments in each of the preceding paragraphs as if fully set forth herein.

32. For its response to Paragraph 32 of the FACC, Exceptional Innovation states that the documents comprising the agreement are written documents that speak for themselves. Further responding, Exceptional Innovation denies the remaining allegations contained in Paragraph 32 of the FACC.

33. Exceptional Innovation admits only that it initiated a lawsuit in Delaware County Common Pleas Court on June 27, 2007 and denies the remaining allegations contained in Paragraph 33 of the FACC.

34. Exceptional Innovation denies the allegations contained in Paragraph 34 of the FACC.

35. Exceptional Innovation denies the allegations contained in Paragraph 35 of the FACC. By way of further response, Exceptional Innovation denies that it is liable to Kontron in any sum.

36. Exceptional Innovation incorporates its responses and averments in each of the preceding paragraphs as if fully set forth herein.

37. Exceptional Innovation denies the allegations contained in Paragraph 37 of the FACC.

38. Exceptional Innovation denies the allegations contained in Paragraph 38 of the FACC.

39. Exceptional Innovation denies the allegations contained in Paragraph 39 of the FACC.

40. Paragraph 40 of the FACC contains legal conclusions to which no response is required. To the extent a response is required, Exceptional Innovation denies the allegations contained in Paragraph 40 of the FACC. By way of further response, Exceptional Innovation denies that it is liable to Kontron in any sum.

41. Exceptional Innovation incorporates its responses and averments in each of

the preceding paragraphs as if fully set forth herein.

42. Exceptional Innovation admits only that it purchased goods from Kontron, that Kontron delivered some goods to it, and that some of the deliveries were within the last two years. Exceptional Innovation denies the remaining allegations contained in Paragraph 42 of the FACC.

43. Exceptional Innovation denies the allegations contained in Paragraph 43 of the FACC.

44. Exceptional Innovation denies the allegations contained in Paragraph 44 of the FACC. By way of further response, Exceptional Innovation denies that it is liable to Kontron in the sum demanded, or in any sum.

45. Exceptional Innovation incorporates its responses and averments in each of the preceding paragraphs as if fully set forth herein.

46. Exceptional Innovation denies the allegations contained in Paragraph 46 of the FACC.

47. Exceptional Innovation denies the allegations contained in Paragraph 47 of the FACC. By way of further response, Exceptional Innovation denies that it is liable to Kontron in the sum demanded, or in any sum.

48. Exceptional Innovation incorporates its responses and averments in each of the preceding paragraphs as if fully set forth herein.

49. Exceptional Innovation admits only that it received some goods from Kontron, but denies the remaining allegations contained in Paragraph 49 of the FACC.

50. Exceptional Innovation denies the allegations contained in Paragraph 50 of the FACC.

51. Paragraph 51 of the FACC contains legal conclusions to which no response is required. To the extent a response is required, Exceptional Innovation denies the allegations contained in Paragraph 51 of the FACC.

52. Paragraph 52 of the FACC contains legal conclusions to which no response is required. To the extent a response is required, Exceptional Innovation denies the

1  allegations contained in Paragraph 52 of the FACC. By way of further response,
2  Exceptional Innovation denies that it is liable to Kontron in the sum demanded, or in any
3  sum.

4    53.  Exceptional Innovation denies any and all allegations contained in Kontron's
5  FACC that are not specifically admitted herein.

## AFFIRMATIVE DEFENSES

7    54.  Kontron's FACC fails to state a claim on which relief can be granted.

8    55.  To the extent Kontron's claims rely upon California law and this Court finds
9  California law inapplicable, such counts fail to state a claim on which relief can be
10 granted.

11   56.  To the extent the agreement is governed by statute, Kontron's claims relying
12 upon common law fail to state a claim in which relief can be granted.

13   57.  Exceptional Innovation is excused from further performance under the
14 agreement, including payment of any additional sums, due to Kontron's prior material
15 breaches.

16   58.  Kontron's recovery is precluded in whole or in part by the doctrine of
17 unclean hands.

18   59.  Kontron's recovery is precluded in whole or in part because the purpose of
19 the contract was frustrated.

20   60.  Kontron's recovery is precluded in whole or in part to the extent that
21 Exceptional Innovation is entitled to an offset or deduction, based on its own damages.

22   61.  Kontron's recovery is precluded in whole or in part by the applicable statutes
23 of limitations.

24   62.  Kontron's recovery is precluded in whole or in part by Kontron's failure to
25 perform.

26   63.  Kontron's recovery is precluded in whole or in part by the doctrines of
27 waiver and/or estoppel.

28   64.  Kontron's recovery is precluded in whole or in part by the doctrine of laches.

65. Kontron's recovery is precluded in whole or in part by Kontron's failure to act in good faith in the performance of its contractual obligations to Exceptional Innovation, and specifically, Kontron's bad faith.

66. Kontron's recovery is precluded in whole or in part by Kontron's unexcused delays in performance.

67. Kontron's recovery is precluded in whole or in part by its breaches of warranties with respect to the products sold to Exceptional Innovation.

68. Kontron's recovery is precluded in whole or in part by its intentional misrepresentations and fraud.

69. Kontron reserves the right to assert additional affirmative defenses as shall hereafter become known.

WHEREFORE, Plaintiff Exceptional Innovation, LLC respectfully requests that this Court enter judgment in its favor and against Defendant and Cross-Complainant Kontron America, Inc. on Kontron's FACC, along with such other and further relief as the Court deems appropriate.

Dated: April 17, 2008

RUTAN & TUCKER, LLP
JEFFREY WERTHEIMER
SUMMER YOUNG AGRIESTI

By: /s/ Agriesti
Summer Young Agriesti
Attorneys for Plaintiff and Counter-Defendant EXCEPTIONAL INNOVATION, LLC

# **PROOF OF SERVICE**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is Rutan & Tucker, LLP, 611 Anton Boulevard, Fourteenth Floor, Costa Mesa, California 92626-1931.

On April 17, 2008, I served the following described as:

**EXCEPTIONAL INNOVATION, LLC'S ANSWER TO FIRST AMENDED COUNTERCLAIM OF DEFENDANT AND CROSS-COMPLAINANT KONTRON AMERICA, INC.**

on all parties identified for Notice Of Electronic Filing generated by the Court's CM/ECF system in this case on this date in the following manner:

| | |
|---|---|
| Elizabeth A. Mitchell, Esq.<br>Solomon Ward Seidenwurm & Smith, LLP<br>Wells Fargo Plaza<br>401 B Street<br>Suite 1200<br>San Diego, California 92101<br>Tel: (619) 238-4828<br>Fax: (619) 615-7928<br>***Attorneys for Defendant and Counter Claimant***<br>***KONTRON AMERICA, INC.*** | Vladimir P. Belo, Esq.<br>Bricker & Eckler LLP<br>100 South Third Street<br>Columbus, Ohio 43215-4291<br>Tel: (614) 227-8885<br>Fax: (614) 227-2390<br>***Co-Counsel for Plaintiff and Counter-Defendant***<br>***EXCEPTIONAL INNOVATION, LLC*** |

[✔]  **(BY ELECTRONIC SERVICE)** by causing the document to be served via the Court's ECF Filing System.

[✔]  **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

EXECUTED on April 17, 2008, at Costa Mesa, California.

| Michelle Perciavalle | /s/ |
|---|---|
| (Type or print name) | (Signature) |

2237/026480-0001
901045.02 a04/17/08